IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albarr-Ali Abdullah, a/k/a Albert Legare, ) ) ) Plaintiff, ) ) v. ) ) Mr. Thomas E. Byrne, *Kershaw C.I. Doctor*; Mr. Donnie Stonebreaker, *Associate Warden at Kershaw C.I.*; Mr. Samual L. Soltis, *Step 2 Grievance Health/Hearing Officer, in their individual or personal capacities*, ) ) ) ) ) ) ) ) Defendants. ) ) | Case No 8:16-cv-3000-RMG **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 48) recommending that the Court grant Defendants' motion for summary judgment (Dkt. No. 27). For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Defendants' motion for summary judgment (Dkt. No. 27) is granted.

**I. Background**

Plaintiff, proceeding *pro se*, filed this action seeking monetary damages for Defendants' alleged violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that Defendants violated his Eighth Amendment Rights when they refused him special shoes, a knee brace, and an appointment with an orthopedic specialist to treat his knee, ankle, and back pain. The Magistrate Judge has adequately summarized the facts of this case, so this Court need not repeat them here. (Dkt. No. 48 at 7-12.)

## II. Legal Standard

### a. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge determined that (1) no reasonable juror could conclude that Defendants violated Plaintiff's Eighth Amendment rights, and (2) Defendants are entitled to qualified immunity. (Dkt. No. 48.) As of May 30, 2017, Plaintiff had not filed any objections to the R. & R. This Court has reviewed the record and is satisfied that the Magistrate has appropriately considered the relevant facts and controlling law. Plaintiff disagrees with Defendants' decisions about what constitutes medical necessary treatment for his knee, back, and ankle pain, but no reasonable juror could conclude that Plaintiff's Eighth Amendment rights have

been violated. Additionally, because Plaintiff has failed to allege that he has been deprived of a Constitutional right, Defendants are entitled to qualified immunity. (Dkt. No. 48 at 14.)

## IV. Conclusion

For the reasons stated above, the Court adopts the R. & R. as the order of this Court. Defendants' motion for summary judgment (Dkt. No. 27) is GRANTED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 3 1 , 2017
Charleston, South Carolina