# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Albarr-Ali Abdullah, a/k/a Albert Legare, | Civil Action No. 8:16-cv-3000 -RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Mr. Thomas E. Byrne, Kershaw C.I. Doctor; Mr. Donnie Stonebreaker, Associate Warden at Kershaw C.I.; Mr. Samual L. Soltis, Step 2 Grievance Health/Hearing Officer, in their individual or personal capacities, | |
| Defendants | |

This matter is before the Court on Plaintiff's motion (Dkt. No. 54) to alter or amend this Court's Order (Dkt. No. 50) adopting the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 48) and granting Defendants' motion for summary judgment. For the reasons below, Plaintiff's motion to alter or amend the judgment (Dkt. No. 54) is denied.

## I. Background

The Magistrate issued an R&R on May 9, 2017 (Dkt. No. 48), recommending that this Court grant Defendants' motion for summary judgment. The deadline for Plaintiff to file objections to the R&R was May 26, 2017. On May 31, 2017, this Court issued an order adopting the Magistrate's R&R and granting summary judgment for Defendants. (Dkt. No. 50.) Plaintiff filed objections to the R&R on May 30, 2017, which this Court received on June 1, 2017.[1] (Dkt. No. 53.)

---

[1] Prisoner pleadings are considered filed when they are delivered to the prison mailroom. *Houston* v. *Lack,* 487 U.S. 266, 270-71 (1988). Plaintiff's objections were received in the prison mailroom on May 30, 2017. (Dkt. No. 53-2 at 2.)

Plaintiff re-filed his objections as a motion to alter or amend this Court's judgment on June 13, 2017. (Dkt. No. 54-2 at 2.) In that motion, Plaintiff explains that he received the R&R on May 16, 2016 (Dkt. No. 54 at 1) which means he had ten (10) days to deliver his objections to the prison mailroom. He asks the Court to consider his objections to be timely filed because he had just a short period of time to file them. Plaintiff had adequate time (ten days) to file his objections to the R&R. If Plaintiff needed more time to file his objections, he could have filed a motion for an extension of time. For this reasons, the Court has construed Petitioner's late objections as a motion to alter or amend the judgment.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment but does not provide a standard for such motions. The Fourth Circuit provides "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

## III. Discussion

Plaintiff argues that the Magistrate (1) failed to consider his arthritis or degenerative joint disease (Dkt. No. 54 at 7); (2) failed to consider evidence that Defendant Byrne concealed that Plaintiff had previously been recommended an MRI, orthopedic consult shoes, NSAIDS, braces, and insoles (*id.* at 7-8); (3) failed to consider evidence that Plaintiff's knee is swollen (*id.* at 8);

(4) erroneously found that Plaintiff was denied new shoes because they were not orthopedic shoes when in fact he was never approved for any type of new shoe (*id.* at 9); (5) erroneously found that Plaintiff's knee brace was in "fair to good" condition (*id.* at 9); (6) erroneously found that Plaintiff was approved for and issued insoles on November 30, 2015 (*id.* at 9); and (7) failed to find that degenerative joint disease constitutes a serious medical condition (*id.* at 10).

The Magistrate closely considered every aspect of Plaintiff's medical record (Dkt. No. 48 at 8-10), including Plaintiff's degenerative joint disease. For example, the Magistrate noted Plaintiff's bone spurs, pain, swelling, crepitus, and the narrowing of the medial joint space in his knee – all symptoms of degenerative joint disease. While degenerative joint disease could constitute a serious medical condition, that determination is heavily fact-specific. For example, Plaintiff refers to a case about social security benefits where the plaintiff's physician determined that a knee brace and crutch were absolutely necessary because his degenerative joint disease had progressed substantially. *Peck v. Barnhardt* 2004 WL 1595198 (6th Cir. 2004). Plaintiff's physician made no such finding in this case. In any event, the Magistrate explained that even assuming that Plaintiff does suffer from a serious medical condition, nothing on the record shows that he has been denied treatment or received grossly inadequate treatment. Instead, the record shows that plaintiff has received continuous evaluation and treatment for his complaints while at Kernshaw. (Dkt. No. 48 at 12-13.)

Plaintiff's objections to the Magistrate's findings amount to mere quibbles with her recitation of the medical record. Even assuming Plaintiff's assertions about the swelling in his knee at a specific point in time and the exact condition of his knee brace are true, Plaintiff has still failed to state an Eighth Amendment claim for deliberate indifference to a serious medical

need. The record shows that Plaintiff has received prompt evaluation and treatment for his joint-related medical needs.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment (Dkt. No. 54) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 5, 2017
Charleston, South Carolina